# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TSADOK ZIZI, <br><br>　　　　　　　　　　Plaintiff, <br><br>vs. <br><br>U.S. BANK, N.A., et al., <br><br>　　　　　　　　　　Defendants. | Case No. 2:11-cv-01511-JCM-PAL <br><br>**ORDER AND REPORT OF FINDINGS <br>AND RECOMMENDATION** <br><br>(IFP App - Dkt. #5) |

This matter is before the court on Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #5). Plaintiff Tsadok Zizi is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint. This proceeding was referred to this court by Local Rule IB 1-9.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

### A.     Plaintiff's Factual & Legal Allegations.

Plaintiff's Complaint is difficult to follow and contains over thirty pages of facts and allegations. Plaintiff asserts that on August 5, 2005, he borrowed funds from Defendant Republic Mortgage to purchase property located at 7670 Rustic Galleion Street, Las Vegas, Nevada 89139. Plaintiff alleges the mortgage was subsequently assigned to U.S. Bank, N.A., which was later merged into Wells Fargo Bank, N.A. Plaintiff asserts he was "induced by coercion" to sign the loan documents and "was not given any reasonable time to read over any of the documents which stated that the Plaintiff had already received the loan or the funds for the loan, but in fact at that time the Plaintiff had actually not received such funding for the alleged loan." Complaint at 8:21-23. Further, Plaintiff alleges that the Defendants failed to verify his ability to repay the loan in violation of 15 U.S.C. § 1639(h). Plaintiff asserts the mortgage was not actually funded by Republic Mortgage, even though Republic Mortgage stated it funded the loan. Plaintiff contends Republic Mortgage, America's

/ / /

Servicing Company, and National Default Servicing Corporation violated the Truth in Lending Act ("TILA") by not providing truthful information about his loan.

Plaintiff asserts he was subjected by Defendants to predatory lending practices by violating the Home Ownership and Equity Protection Act, TILA, Regulation Z, and Business of Professions Code Section 17200, the "specifics of which are unknown, but which are subject to discovery with respect to which the specifics will be alleged by amendment to this Complaint when ascertained." Complaint at 23-24.  Additionally, Plaintiff asserts Defendants have not complied with the Fair Debt Collection Practices Act ("FDCPA") by not responding within thirty days to Plaintiff's written notice of dispute.  Because Plaintiff's mortgage was assigned to another party, he asserts that any foreclosure sale on his property is void because the trustee had no authority to conduct the sale because the title was defective.  Plaintiff contends the Defendants failed to record "truthful and lawful" documents under the laws of the state of Nevada and fraudulently used the non-judicial foreclosure procedure to foreclose upon Plaintiff with false documents in violation of the FDCPA.  Plaintiff contends he is entitled to a judicial determination of his rights and duties and a declaration as to the validity of any loan transactions and Defendants' right to proceed with non-judicial foreclosure because of Defendants' alleged violation of the FDCPA.  Plaintiff also seeks a permanent injunction precluding Defendants from continuing to engage in the "wrongful and unlawful conduct" identified in the Complaint.

Plaintiff also alleges that because the Defendants used the United States mail "in furtherance of their conspiracy to unlawfully collect on a negotiable instrument when they are not entitled to do so, their intentional failure to comply with state and federal law," they are guilty of the crimes of mail fraud and money laundering.

Plaintiff seeks to quiet title on his property against the claims of Defendants because they had no right to conduct a non-judicial foreclosure sale, and all actions to foreclose must be done judicially.  Plaintiff requests the court set aside any sale of the property by Defendants.

**B.   Plaintiff's TILA, Regulation Z, and HOEPA Claims.**

Plaintiff's Complaint attempts to state a claim under the TILA, 15 U.S.C. § 1601 *et seq.* and 12 C.F.R. Part 226 ("Regulation Z").  TILA was enacted to protect consumers' choices through full disclosure and to guard against divergent and fraudulent practices stemming from the non-uniform use

of credit. *See King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). TILA and its implementing regulations, Regulation Z, are designed to protect consumers in credit transactions, and they govern disclosures required to be given to a borrower by the lender at the time the loan is made. *See generally* 15 U.S.C. § 1601 *et seq.* The only parties who can be liable for a TILA violation are the original lender and assignees of that lender where the violation is apparent on the face of the note or TILA disclosure statement. 15 U.S.C § 1640, 1641(a). Here, Plaintiff alleges that he executed a promissory note and security agreement with Defendant Republic Mortgage LLC. Plaintiff does not set forth any specific facts about how Defendants allegedly violated TILA other than to state that they did not provide him truthful information about his loan, and Defendants engaged in predatory lending practices. This conclusory, vague allegation is not sufficient to state a claim that rises above the speculative level. Regulation Z comprises the bulk of 12 C.F.R. § 226 and contains several hundred paragraphs of regulations. Plaintiff has not indicated what specific parts of Regulation Z have been violated or what HOEPA documents Defendants failed to give to him.

Additionally, TILA actions for rescission or damages commence from the time of the disclosure violation–i.e., when the loan was made. 15 U.S.C. §§ 1635, 1640(e). The Ninth Circuit has found that the statutory period for an action under TILA commences when the contract is executed, subject to the doctrines of equitable tolling on the basis of fraudulent concealment. *See King*, 784 F.2d at 914. Here, even if Plaintiff had set forth specific facts to state a claim under TILA, Regulation Z and HOEPA, he has not alleged any facts to suggest he is making a claim of fraudulent concealment, and so the one-year statute of limitations applies. Plaintiff's loan was made on August 5, 2005, and the Complaint was filed more than six years later, on September 21, 2011. Therefore, Plaintiff's claim is barred by the statute of limitation at 15 U.S.C. § 1640(e). Furthermore, to the extent Plaintiff's Complaint seeks to rescind the loan, this relief is barred by 15 U.S.C. § 1635, which expressly states that the rescission provisions do not apply to "residential mortgage transactions." *Id.* Accordingly, it is recommended that Plaintiff's claims under HOEPA, TILA, and Regulation Z be dismissed.

**B.    Plaintiff's FDCPA Claim.**

Plaintiff fails to state a valid claim under the FDCPA because "[f]oreclosure does not constitute debt collection under" the FDCPA, *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 944 (D.

Nev. 2011), and "'mortgagees and their beneficiaries [such as the Defendants in this case], including mortgage servicing companies, are not debt collectors subject to the FDCPA.'" *Karl v. Quality Loan Service Corp.*, 759 F.Supp.2d 1240, 1248 (D. Nev. 2010). Therefore, it will be recommended that Plaintiff's FDCPA claim be dismissed.

      **C.**      **Plaintiff's Claims for Mail Fraud and Money Laundering.**

Plaintiff seeks to assess civil liability against Defendants for their alleged commission of crimes under Title 18. The Ninth Circuit has held that there is no private right of action under Title 18 of the United States Code. *See Dyson v. Utigard,* 163 F.3d 607, 607 (9th Cir. 1998); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no basis for civil liability under Title 18). Plaintiff cannot act as a private attorney general and seek to prosecute Defendants. It is therefore recommended that Plaintiff's claims for mail fraud and money laundering be dismissed.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of Court shall file the Complaint.

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 18th day of November, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.